**United States District Court**
For the Northern District of California

1
2
3
4
5                       UNITED STATES DISTRICT COURT
6                      NORTHERN DISTRICT OF CALIFORNIA
7
8    MARK P. MAHANEY,                           No. C-12-1214 EMC
9              Plaintiff,
10        v.                                    **ORDER TO SHOW CAUSE**
11   WELLS FARGO BANK, N.A., *et al.*,
12             Defendants.
     _____/
13
14
15       Plaintiff Mark P. Mahaney has filed a foreclosure-related action against the following

16   defendants: Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, N.A.; Wachovia Mortgage FSB,

17   N.A.; and MERS.  Currently pending before the Court is a motion filed by all of the defendants

18   except MERS.[1]  The Court shall hereinafter refer to the moving defendants as "Wells Fargo."  Mr.

19   Mahaney failed to file an opposition to Wells Fargo's motion.  In addition, he failed to appear at the

20   hearing, even though he was given notice of the hearing.  *See* Docket No. 14 (clerk's notice).

21   Having considered Wells Fargo's submissions, as well as Mr. Mahaney's failure to oppose and to

22   appear at the hearing, the Court hereby issues an Order to Show Cause why this case should not be

23   dismissed.

24   ///

25   ///

26
27   _____

28       [1] Although MERS is named as a defendant, there are no real factual allegations alleging that
     MERS committed any wrongdoing.  As discussed below, the Court orders Mr. Mahaney to show
     cause why his claims against MERS should not be dismissed.

**United States District Court**
For the Northern District of California

## I.   DISCUSSION

The Court first takes into account Mr. Mahaney's failure to file an opposition to the motion to dismiss and failure to make an appearance at the hearing.  In so proceeding, Mr. Mahaney took on the risk that his case would be dismissed for failure to file an opposition as required by the Civil Local Rules or for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (stating that failure to follow a court's local rules is a proper ground for dismissal; in case under consideration, local rule provided that a failure to oppose a motion shall constitute consent to granting of the motion).  In *Ghazali*, the Ninth Circuit instructed:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."

*Id.*  While some of these factors weigh in favor of dismissal, the Court concludes that, at this juncture in the proceedings, there are less drastic sanctions available.  *See Rodriguez v. Bank of Am.*, No.: C 11-3839-PSG, 2011 U.S. Dist. LEXIS 135552, at *5 (N.D. Cal. Nov. 22, 2011) (noting that "[d]ismissal with prejudice at this stage, however, would be a drastic sanction and contrary to the public policy favoring disposition of a case on its merits"); *Pradhan v. Citibank, N.A.*, No.: 10-CV-03245-LHK, 2011 U.S. Dist. LEXIS 2350, at *40 (N.D. Cal. Jan. 10, 2011) (noting that "Plaintiffs' failure to file an opposition does hinder the expeditious resolution of this litigation and the Court's ability to manage its docket [but] the Court prefers less drastic sanctions than dismissal with prejudice for failure to comply with the local rules").

More specifically, the Court shall give Mr. Mahaney an opportunity to show cause as to why his claims against Wells Fargo (*i.e.*, Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, N.A.; and Wachovia Mortgage FSB, N.A.) should not be dismissed for failure to prosecute.  The Court shall also require Mr. Mahaney to show cause why his claims against MERS should not be dismissed for failure to prosecute.  Mr. Mahaney filed suit in state court on February 1, 2012.  Since

this date, he does not appear to have taken any action to move the case forward against any defendant, including but not limited to oppose Wells Fargo's motion to dismiss.

Finally, the Court notes that, although it is not at this point making a ruling on the merits of Wells Fargo's motion to dismiss (including its argument that the claims are preempted), at the very least, the Court has serious concerns as to whether Mr. Mahaney has adequately stated a claim for relief.

## II.   CONCLUSION

For the foregoing reasons, the Court hereby orders Mr. Mahaney to show cause why his entire case, including but not limited to his claims against Wells Fargo, should not be dismissed for failure to prosecute.  A response to this order to show cause must be filed with the Court and served on counsel for Defendants by May 23, 2012.  **Mr. Mahaney is forewarned that, if he fails to file a response to the order to show cause, then the Clerk of the Court shall enter judgment against him and in favor of Defendants based on his failure to prosecute and close the file in this case.**

IT IS SO ORDERED.

Dated:  May 9, 2012

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California